IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOSEPH KONGWA,<br><br>    Plaintiff,<br><br>    vs.<br><br>ENTERPRISE SOLUTIONS, INC., et al.<br><br>    Defendants. | No. 20-CV-01152-RB-KK |

## **DEFENDANT ENTERPRISE SOLUTIONS INC.'S MOTION TO DISMISS**

Defendant seeks an order dismissing Plaintiff's Complaint, and all causes of action therein, without leave to amend, all pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

More specifically, Defendant ESI is a staffing company, as alleged by Plaintiff. Complaint [hereinafter, Document 1 or Doc.1] ¶C(2). Plaintiff's assignment was with GAP in New Mexico. Plaintiff has made no allegations of discrimination against ESI. To the extent that Plaintiff can make discrimination claims against the other defendant, a manager at GAP where Plaintiff was placed by ESI, such claims cannot, as a matter of law, be imputed to ESI. *Brownlee v. Lear Siegler Management Servs. Corp.*, 15 F.3d 976, 978 [10th Cir. 1994].

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………1

I. INTRODUCTION…………………………………………………………………...1

II. ALLEGATIONS IN THE COMPLAINT…………………………………………...1

III. ARGUMENT………………………………………………………………………...1

A. The Standards for Dismissal Under FRCP 12(b)(6)………………………1

B. Plaintiff's Complaint States No Facts Against ESI That State a Cognizable Claim Against It……………………………………………………3

1. Plaintiff's Discrimination Claim Under Title VII…………………………3

2. Plaintiff's Claims Under 42 U.S.C. §1983………………………………..4

IV. CONCLUSION………………………………………………………………………4

## TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*
  556 U.S. 662, 678 (2009)……………………………………………………………..2, 3

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 555 (2007)……………………………………………………………...2

*Brownlee v. Lear Siegler Management Servs. Corp.*
  15 F.3d 976, 978 (10th Cir. 1994)……………………………………………………..3, 4

*Navarro v. Block*
  250 F.3d 729, 732 (9th Cir. 2001)………………………………………………………1

*Starr v. Baca*
  652 F.3d 1202, 1216 (9th Cir. 2011)…………………………………………………….2

**Statutory Authority:**

42 U.S.C. §1983……………………………………………………………………………..4

Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et. seq. (1964)………………………3, 4

Fed. R. Civ. P. 8…………………………………………………………………………...1, 2

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………..1

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff, Joseph Kongwa ("Plaintiff") filed his action against Enterprise Solutions, Inc. ("ESI") and Sarah Faulkner on November 5, 2020.  ESI is a staffing company that employed Plaintiff and deployed him to work for GAP in accounting. Doc.1, ¶¶C(2), B(1).

The other defendant, Sarah Ferguson is employed by GAP.  She is not mentioned by name in any allegations in the Complaint.  GAP is not named as a defendant in this action, although Plaintiff conflates his references to Defendant Ferguson and GAP.

**II.    ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that he was discriminated against because, during his employment at GAP, "other employees, light skinned Latinos and Caucasians, were given time off to recover" from a flu virus.  Doc. 1, ¶B(1).  He further alleges that "The Gap alleged that I was fired because of my poor performance on the job."  Doc. 1, ¶C(2).  Finally, Plaintiff alleges that Defendants "lied" about his competence.  Doc. 1, ¶¶(C)(2) and (C)(1).

There are no allegations in the Complaint that ESI discriminated against Plaintiff.

**III.   ARGUMENT**

    **A.     The Standards for Dismissal Under FRCP 12(b)(6).**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8 of the Federal Rules of Civil Procedure further provides

that to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The first part of this requirement – "a short and plain statement of the claim" must be read in conjunction with the second part – "*showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added.) The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[a] pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  (citations omitted).

In *Iqbal*, the Supreme Court identified two "working principles" behind its approach to Rule 8 notice pleading.  *Iqbal, supra*, 556 U.S. at 678.  First, a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim for relief that is plausible on its face.'". *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.; *See also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)

(complaint's allegations must both "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

According to *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" 556 U.S. at 678 (citations omitted).

### B.   Plaintiff's Complaint States No Facts Against ESI That State a Cognizable Claim Against It.

1.   Plaintiff's Discrimination Claim Under Title VII.

Plaintiff's discrimination complaint is devoid of any facts that would permit even the "sheer possibility" that ESI acted wrongfully. Specifically, Plaintiff properly alleges that ESI is a "staffing company." Doc. 1, ¶C(2). Plaintiff only makes generalized allegations that he was discriminated against by non-defendant GAP. Doc. 1, ¶B(1).

Non-defendant, GAP, is a customer of ESI. ESI is its staffing agent. As a matter of law, even assuming Plaintiff could plausibly allege discrimination claims against non-defendant GAP or Sarah Ferguson, such discrimination claims cannot be imputed to ESI. *Brownlee v. Lear Siegler Management Servs. Corp.*, 15 F.3d 976, 978 (10th Cir. 1994).

In *Brownlee*, a staffing company terminated a plaintiff's employment when its client, to which Plaintiff had been assigned to work, refused to use his services. The employee sued both the staffing company and its client company claiming that the client company would not use his services due to age discrimination. The court in *Brownlee* granted the staffing company's motion for summary judgment on the grounds that the discrimination by the staffing company's client, cannot be imputed to the staffing company.

In *Brownlee*, as in this case, there was no allegation of discrimination by the staffing company *which hired the Plaintiff*. The *Brownlee* court found that, while the discriminatory practices of an agent can be imputed back to the principal to render the principal liable, there was no authority for imputing statutory liability in the opposite direction.

> We know of no authority for imputing a principal's discriminatory intent to an agent to make the agent liable for his otherwise neutral business decision.

*Id.* 978.

The *Brownlee* court found that, under these circumstances, the staffing company did not discriminate. Following its client's wishes, it could rightly be regarded as having made a neutral business decision in terminating Plaintiff's employment.

Similarly here, ESI hired Plaintiff and deployed him to GAP. His termination was based upon its client's determination that Plaintiff was not performing. Doc. 1, ¶C(2) ["The GAP alleged that I was fired because of my poor performance.."]. No allegations have been made that ESI discriminated against him. To the extent that Plaintiff can show any discriminatory intent by any other defendant, discriminatory intent cannot be imputed to defendant's agent, ESI.

Plaintiff's claims against ESI for discrimination pursuant to the Civil Rights Act of 1964 as set forth in the Complaint, must be dismissed.

2.  <u>Plaintiff's Claims Under 42 U.S.C. §1983.</u>

Plaintiff also purports to bring his claim under 42 U.S.C. §1983 which statute requires state action.  Plaintiff has not and cannot allege that any acts complained of are based upon a state act.  To the extent that Plaintiff makes claims pursuant to 42 U.S.C. §1983, they should be dismissed.

## IV.    CONCLUSION

Based upon the foregoing, Defendant respectfully requests that its motion to dismiss be granted.

                Respectfully submitted,

                <u>*/s/ Kathryn E. Barrett*</u>
                Kathryn E. Barrett, CA #162100*
                SILICON VALLEY LAW GROUP
                One North Market St., Suite 200
                San Jose, California 95113-2434
                Telephone: (408) 573-5700
                keb@svlg.com

                Paul Melendres #12399
                Melissa Calderon #141511
                MELENDRES & MELENDRES PC
                1017 5TH Street NW
                Albuquerque, NM 87102
                Telephone: (505) 243-8310
                paul@melendreslaw.com
                melissa@melendreslaw.com

                Attorneys for Defendant
                ENTERPRISE SOLUTIONS, INC.

(*Association of Attorney Licensed Outside the District filed 1/22/21 [Doc. 12].)

---

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants this 12th day of February, 2021:

Paul Melendres #12399
Melissa Calderon #141511
MELENDRES & MELENDRES PC
1017 5TH Street NW
Albuquerque, NM 87102
Telephone: (505) 243-8310
paul@melendreslaw.com
melissa@melendreslaw.com

Charlotte Lamont
201 Third Street, NW, Suite 500
Albuquerque, NM 87102
Telephone: (505) 944-9682
clamont@littler.com


I further certify that, on this 12th day of February, 2021, I had served the attached document via electronic mail on the following CM/ECF non-registrant:

Joseph Kongwa
1502 4th Street, SW
Albuquerque, NM 87102
maliandek@yahoo.com


*/s/ Kathryn E. Barrett*
Kathryn E. Barrett