THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH KONGWA,

       Plaintiff,

v.     No. CIV 20cv1152 RB/KK

ENTERPRISE SOLUTIONS, INC.,
SARAH FAULKNER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Joseph Kongwa briefly worked as a contract accountant at Gap Inc. (Gap). He alleges that he was terminated because he is black and of African origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1–17. Mr. Kongwa filed a charge of discrimination form naming Enterprise Solutions, Inc. (ESI), the staffing company that employed him and placed him at Gap, and Sarah Faulkner, his supervisor at Gap. Both parties move to dismiss, and Mr. Kongwa moves to amend his Complaint to add Gap as a defendant. Having considered the parties' positions and the relevant law, the Court will dismiss ESI from the lawsuit and allow Mr. Kongwa to amend his Complaint to add Gap as a defendant.

**I.     Factual and Procedural Background**

Mr. Kongwa was hired by ESI, a staffing company, in October 2019. (*See* Doc. 1 (Compl.) at 2–3.) ESI placed him at Gap as a contract accountant. (*Id.* at 2.) He was terminated after working just two weeks at Gap. (*See id.* at 7.) The day before his termination, Mr. Kongwa "had been unable to perform" his duties because he was "seriously ill with flu symptoms." (*Id.*) Until the day of his illness, his "work was up to par" and checked each day by a supervisor. (*Id.*) Ms. Faulkner, a Senior Analyst at Gap and head of the accounting department, explained to Mr. Kongwa by email

that he was terminated due to feedback that he "seemed to get overwhelmed[,] could only process small amounts of new information at a time[,]"asked "to cut training short[,]" overlooked emails, required excessive assistance and intervention, and lacked adequate computer skills for the position. (*Id.*; Doc. 1-2.) Mr. Kongwa disagrees with this assessment and alleges that he was terminated because he was black and of African origin. (*See* Compl. at 2, 7.) He asserts that three other employees, all "light skinned Latinos and Caucasions" [sic], also became ill with the flu and "were given time off to recover." (*Id.* at 2.)

Mr. Kongwa filed a Charge of Discrimination form with the New Mexico Department of Workforce Solutions, Human Rights Bureau (HRB) on March 31, 2020. (*See* Doc. 40.) Kongwa named ESI and "Sarah Faulkner (Senior Analyst, GAP, Contractor)" as the "employers" who discriminated against him. (*Id.* at 2.) He filed his Complaint for discrimination under Title VII on November 5, 2020, naming ESI and Ms. Faulkner as defendants. (Compl. at 1.) Ms. Faulkner and ESI now move to dismiss. (Docs. 21; 22.) Mr. Kongwa moves to amend his Complaint to add Gap as a defendant. (Doc. 38.)

**II.      Legal Standards**

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citing *Hall*, 935 F.2d at 1110).

**A.      Rule 12(b)(6) Standard**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in

2

the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

**B.   Rule 15 Standard**

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)) (internal citation omitted). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted).

C.   **Rule 12(b)(1) Standard**

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal citations omitted)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011) (internal citations omitted)).

"But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion." *Id.* (quoting *Alto Eldorado Partners*, 2009 WL 1312856, at *8–9 (internal quotation omitted)). "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d

4

1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* (citing *Wheeler*, 825 F.2d at 259). Here, Ms. Faulkner attacks the facts upon which subject matter jurisdiction is based—that is, whether Mr. Kongwa exhausted his claim as to Gap. (*See, e.g.*, Doc. 39.) Accordingly, the Court may consider evidence outside of the pleadings (the Charge of Discrimination form (Doc. 40)) without converting the motion to one for summary judgment.

### III. Analysis

#### A. Mr. Kongwa fails to state a claim against ESI.

The Court begins with ESI's motion to dismiss. (Doc. 22.) ESI argues that Mr. Kongwa has made no allegations that anyone at ESI, the staffing company that placed him at Gap, discriminated against him. (*Id.* at 1.) Instead, the only allegations of discrimination sound against Gap and its employees. (*See id.*) Mr. Kongwa responds that after Gap terminated him, he asked ESI "to speak to [Gap] about the illegal circumstances of [his] dismissal[,]" and ESI "refused to do so." (Doc. 27 at 1.) He further alleges that ESI informed him that "the circumstances of [his] dismissal were irrelevant, and that the important thing to them was retaining their client." (*Id.*) He argues that ESI "is responsible for the conduct of [Gap]" and "for conflict resolution and investigating claims of illegal conduct by [its] client." (*Id.*)

The Complaint does not, however, include any allegations about ESI beyond the fact that it placed Mr. Kongwa at Gap and was aware that he was black. (*See* Compl. at 3.) These bare allegations are insufficient to state a claim against ESI under Title VII. *See, e.g.*, *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1205 (D.N.M. 2013) ("[G]eneral assertions of

5

discrimination . . . without any details whatsoever of events leading up to [the adverse employment action], are insufficient to survive a motion to dismiss.") (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Accordingly, the Court will grant ESI's motion and dismiss ESI as a defendant.

### B. Ms. Faulkner is not individually liable under Title VII.

Ms. Faulkner argues that Mr. Kongwa cannot maintain his claim against her because individual liability is not available under Title VII. (Doc. 21 at 2.) "In order to withstand a motion to dismiss, [Mr. Kongwa] must . . . allege that defendants are employers under Title VII and that defendants employed [him]." *Dunn v. Tutera Grp.*, 181 F.R.D. 653, 656 (D. Kan. 1998) (citing 42 U.S.C. § 2000e(b), (f); 28 U.S.C. § 623). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The Tenth Circuit has determined that "supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")).

Mr. Kongwa agrees that Ms. Faulkner may not be sued individually under Title VII. (*See* Doc. 26 at 1.) He asserts that she "is not being sued in her individual capacity," but "as a representative of the GAP . . . ." (*Id.*) Indeed, the Tenth Circuit "permits Title VII lawsuits against individuals in their official capacities 'as a means to sue the employer under an agency theory.'" *Hyman v. N.M. State Univ.*, No. CIV 18-1103 JB\KRS, 2020 WL 1514801, at *28 n.9 (D.N.M. Mar. 30, 2020) (citing *Williams*, 497 F.3d at 1083). In *Williams*, the plaintiffs brought a lawsuit for gender-based discrimination under Title VII against a company (W.D. Sports), its president,

6

and two other individuals. *See* 497 F.3d at 1083. The Tenth Circuit noted that while the claims were not viable against the individual defendants under Title VII, a plaintiff may name "[s]upervisory employees acting in their official capacities . . . as defendants in a Title VII action as a means to sue the employer under an agency theory." *Id.* at 1083 n.1 (citing *Haynes*, 88 F.3d at 899). Because Mr. Kongwa does not dispute that Ms. Faulkner may not be sued in her individual capacity and Ms. Faulkner couches her motion to dismiss in terms of individual liability (*see, e.g.*, Doc. 30 at 2), the Court finds that her motion to dismiss should be denied as moot. The Court turns to the more pertinent issue: whether Mr. Kongwa may amend his Complaint to add Gap.

### C.     Mr. Kongwa may amend his Complaint.

Mr. Kongwa seeks to amend his Complaint to add Gap as a defendant. (*See* Doc. 38.) Ms. Faulkner argues that any motion to amend to add Gap as a proper party in interest is futile for failure to exhaust. (*See* Doc. 39.) In support, Ms. Faulkner submits the Charge of Discrimination form that Mr. Kongwa submitted to the HRB on April 1, 2020. (*See* Doc. 40.) She insists that because Gap is not specifically named on that form, Mr. Kongwa failed to exhaust and should be precluding from adding Gap as a defendant. (*See* Doc. 39.)

Title VII "allows a plaintiff to bring a civil action only against the respondent that he or she named in the EEOC charge, and only after administrative remedies have been exhausted." *Campos*, 828 F. Supp. 2d at 1268 (citing *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)). "Under long-standing [Tenth] [C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII." *Id.* (quoting *Williams*, 497 F.3d at 1083 n.1) (subsequent citation omitted). Courts liberally construe Charge of Discrimination forms, as "laypersons, not attorneys, usually write" the forms. *Id.* (citing *Romero*, 615 F.2d at 1311). "This naming requirement, however, is not merely a technicality, but rather 'brings the charged party

7

before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law.'" *Id.* (quoting *Alvarado v. Bd. of Trs.*, 848 F.2d 457, 458 (4th Cir. 1988)).

"There are narrow exceptions to the rule requiring that each defendant be specifically named as a respondent in an EEOC charge." *Id.* These exceptions include "where the defendant is mentioned in the text of the charge or 'where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.'" *Id.* (citing *Romero*, 615 F.2d at 1311). There are four relevant factors to consider in determining whether there is sufficient "identity of interest":

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (quoting *Romero*, 615 F.2d at 1312).

Here, the Court finds that Gap was both identified in the charge and there is sufficient identity of interest that it is likely Gap had notice of the charge. First, Mr. Kongwa named ESI and "Sarah Faulkner (Senior Analyst, GAP, Contractor)" as the "employers" he believed discriminated against him. (Doc. 40 at 2.) He also referenced his "employment with the GAP" in the body of the charge. (*See id.*) Thus, Gap's identity was easily ascertained from the charge form. Moreover, as Title VII does not allow supervisors to be held personally liable, it would have been necessary to bring Gap in as a party to the EEOC proceedings. Ms. Faulkner does not argue that Gap did not have notice of Mr. Kongwa's claim or that it has been prejudiced by his failure to name it as a

defendant in this lawsuit (*see* Doc. 39), and under these facts, the Court declines to so hold. Should Gap, once added as a defendant, wish to make any argument regarding failure to exhaust, it may do so in a proper motion. The Court finds that it is appropriate to allow Mr. Kongwa to amend his Complaint to add Gap as the proper defendant in this action.

The Court notes that Mr. Kongwa has failed to adhere to the Local Rules in at least four ways in the motions currently under advisement. First, Ms. Faulkner asserts that Mr. Kongwa "failed to confer with [her] prior to filing" his motion to amend. (*See* Doc. 39 at 1.) Under Local Rule 7.1, a party filing a motion "must determine whether [the] motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a). Should Mr. Kongwa fail to confer with opposing counsel before filing motions in the future, the Court may summarily deny them. Second, Mr. Kongwa failed to attach a copy of his proposed amended complaint to his motion to amend, as required by Local Rule 15.1. (*See* Doc. 38.) The Court will order Mr. Kongwa to file his amended complaint no later than July 28, 2021.[1] Third, rather than filing a reply to his motion to amend in compliance with Local Rules 7.1(b) and 7.4(a), Mr. Kongwa filed a "Motion to Oppose the Defendant's Motion to Oppose the Plaintiff's Amended Complaint." (Doc. 41.) Finally, Mr. Kongwa filed a second response (a "surreply") to Ms. Faulkner's motion to dismiss without obtaining leave of the Court, in violation of Local Rule 7.4(b). (*See* Doc. 33.) The Court advises Mr. Kongwa to read and comply with all Local Rules and the Guide for Pro Se Litigants, available at https://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf.

---

[1] Mr. Kongwa shall, in his amended complaint, omit ESI and add Gap Inc. as a defendant in compliance with this Memorandum Opinion and Order. **No other changes will be permitted.**

**THEREFORE,**

**IT IS ORDERED** that Defendant Faulkner's Motion to Dismiss Complaint (Doc. 21) is **DENIED AS MOOT**, as Mr. Kongwa acknowledges that he is not bringing claims against her in her individual capacity, but only as a representative of Gap;

**IT IS FURTHER ORDERED** that Defendant Enterprise Solutions Inc.'s Motion to Dismiss (Doc. 22) is **GRANTED** and ESI is **DISMISSED** as a defendant from this lawsuit;

**IT IS FURTHER ORDERED** that Ms. Faulkner's Motion to Strike or Disregard Plaintiff's Surreply to Defendant Sarah Faulkner's Motion to Dismiss (Doc. 35) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Mr. Kongwa's Motion for Leave to File Amended Complaint is **GRANTED**. Mr. Kongwa shall file an amended complaint in compliance with this order no later than **Wednesday, July 28, 2021**;

**IT IS FURTHER ORDERED** that Mr. Kongwa's Motion to Oppose the Defendant's Motion to Oppose the Plaintiff's Amended Complaint (Doc. 41) is **DENIED AS MOOT**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE