IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH KONGWA,

    Plaintiff,

v.                                                                                      No. CIV 20-1152 RB/KK

GAP, INC.,
SARAH FAULKNER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Joseph Kongwa briefly worked as a contract accountant at Gap, Inc. (Gap). He alleges that he was terminated because he is black and of African origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1–17. Kongwa filed a charge of discrimination form naming Enterprise Solutions, Inc. (ESI), the staffing company that employed him and placed him at Gap, and Sarah Faulkner, his supervisor at Gap. He did not, however, name Gap itself. In a Memorandum Opinion and Order filed on July 19, 2021, the Court allowed Kongwa to amend the Complaint to add Gap as a defendant. Gap now moves to dismiss for failure to exhaust administrative remedies. The Court agrees that Kongwa failed to exhaust and will dismiss the lawsuit for lack of subject matter jurisdiction.

**I.    Factual and Procedural Background**

    Kongwa was hired by ESI, a staffing company, in October 2019. (*See* Doc. 1 (Compl.) at 2–3.) ESI placed him at Gap as a contract accountant. (*Id.* at 2.) He was terminated after working just two weeks at Gap. (*See id.* at 7.) The day before his termination, Kongwa "had been unable to perform" his duties because he was "seriously ill with flu symptoms." (*Id.*) Until the day of his illness, his "work was up to par" and checked each day by a supervisor. (*Id.*) Faulkner, a Senior

Analyst at Gap and head of the accounting department, explained to Kongwa by email that he was terminated due to feedback that he "seemed to get overwhelmed[,] could only process small amounts of new information at a time[,]" asked "to cut training short[,]" overlooked emails, required excessive assistance and intervention, and lacked adequate computer skills for the position. (*Id.* at 2, 7; Doc. 1-2.) Kongwa disagrees with this assessment and alleges that he was terminated because he was black and of African origin. (*See* Compl. at 2, 7.) He asserts that three other employees, all "light skinned Latinos and Caucasions" [sic], also became ill with the flu and "were given time off to recover." (*Id.* at 2.)

On October 22, 2019, Kongwa submitted an "Inquiry Form" to the New Mexico Department of Workforce Solutions, Human Rights Bureau (HRB). (*See* Doc. 53-1.) On this form, Kongwa named Gap as the "Organization involved in the alleged discrimination" and listed Gap's mailing address in Albuquerque, New Mexico. (*See id.* at 6.) Kongwa contends in his response brief that he corresponded with an HRB employee (Edward Romero) regarding the Inquiry Form, and Romero ultimately "drew up" the Charge of Discrimination form (the "Charge"), naming only ESI. (*See* Doc. 53 at 2.) The Charge names ESI and "Sarah Faulkner (Senior Analyst, GAP, Contractor)" as the "employers" who discriminated against him. (Doc. 52-1 at 4.) The address listed for both ESI and Faulkner is 500 E. Diehl Road, Ste. 130, Naperville, IL 60563, which is ESI's business address. (*See id.*; *see also* Compl. at 1.) Kongwa signed and filed the Charge with the HRB on March 31, 2020. (*See* Doc. 52-1 at 4–5.)

Kongwa filed his Complaint for discrimination under Title VII on November 5, 2020, naming ESI and Faulkner as defendants. (Compl. at 1.) The Court has since dismissed ESI and

2

allowed Kongwa to amend his Complaint to add Gap as a defendant.[1] (*See* Doc. 42.) Kongwa filed an "Amended Complaint" and changed the case caption to reflect the Court's ruling.[2] (*See* Doc. 43.) Gap now moves to dismiss for failure to exhaust. (Doc. 52.)

## II.     Legal Standards

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citing *Hall*, 935 F.2d at 1110).

### A.     Rule 12(b)(1) Standard

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011)).

---

[1] Kongwa has also acknowledged that he is not bringing claims against Faulkner in her individual capacity. (*See* Doc. 42 at 10.)

[2] Kongwa did not attach the substantive portion of his Complaint to his Amended Complaint; therefore, the Court cites to the original Complaint in its recitation of the facts. (*See* Compl.; Doc. 43.) The Court will disregard the three paragraphs Kongwa added to the title page of his Amended Complaint, as he failed to comply with the Court's order to only "omit ESI and add Gap Inc. as a defendant . . . ." (*See* Doc. 42 at 9 n.1.) The Court explicitly stated that "[n]o other changes will be permitted." (*Id.*)

"But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion." *Id.* (quoting *Alto Eldorado Partners*, 2009 WL 1312856, at *8–9). "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* (citing *Wheeler*, 825 F.2d at 259). Here, Gap attacks the facts upon which subject matter jurisdiction is based—that is, whether Kongwa exhausted his claim as to Gap. (*See, e.g.*, Doc. 52.) Accordingly, the Court may consider evidence outside of the pleadings without converting the motion to one for summary judgment.

### III.   Analysis

Gap argues that the Court lacks jurisdiction over Kongwa's claim under Title VII because he failed to exhaust his administrative remedies before filing this lawsuit.[3] (*See* Doc. 52 at 4.) Specifically, Gap asserts that because Kongwa failed to name Gap as an "employer" in his Charge, Kongwa may not now bring suit against Gap. (*See id.*)

---

[3] The Court previously denied Faulkner's motion to dismiss on this issue and noted that Gap may raise exhaustion after it was added as a proper defendant. (Doc. 42 at 8–9.)

4

Title VII "allows a plaintiff to bring a civil action only against the respondent that he or she named in the EEOC charge, and only after administrative remedies have been exhausted." *Campos*, 828 F. Supp. 2d at 1268 (citing *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)). Courts liberally construe Charge of Discrimination forms, as "laypersons, not attorneys, usually write" the forms. *Id.* (citing *Romero*, 615 F.2d at 1311). "Th[e] naming requirement . . . is not merely a technicality, but rather 'brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law.'" *Id.* (quoting *Alvarado v. Bd. of Trs.*, 848 F.2d 457, 458 (4th Cir. 1988)).

"There are narrow exceptions to the rule requiring that each defendant be specifically named as a respondent in an EEOC charge." *Id.* These exceptions include "where the defendant is mentioned in the text of the charge or 'where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.'" *Id.* (citing *Romero*, 615 F.2d at 1311). There are four relevant factors to consider in determining whether there is sufficient "identity of interest":

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (quoting *Romero*, 615 F.2d at 1312). Gap argues that each of these factors favors dismissal. (Doc. 52 at 6.) Kongwa failed to specifically respond to this argument. (*See* Doc. 53.)

5

As to the first factor, the Court finds that Gap's role as Kongwa's employer was easily ascertainable. Kongwa named Faulkner, his supervisor at Gap, and acknowledged in his previous brief that Faulkner is not individually liable under Title VII. (*See* Doc. 26 at 1.) This factor weighs in favor of Gap. "The second *Romero* factor considers whether the interests of the named party and the unnamed party are so similar that it was unnecessary to include the unnamed party." *Ailin v. Leavenworth Cnty. Sheriff's Off.*, No. 2:19-CV-2369-JAR-GEB, 2019 WL 6217821, at *5 (D. Kan. Nov. 21, 2019). Here, had Kongwa correctly recorded Faulkner's address as the address of Gap in Albuquerque, this factor may have weighed in his favor, as notifying Faulkner of the Charge would have likely provided notice to Gap as well. *See id.* Since the Charge lists Faulkner's address as ESI's, there is no evidence that Faulkner received the Charge. Therefore, this factor weighs in favor of Gap.

With respect to the third *Romero* factor, the Court finds that Gap was prejudiced by the omission because it was not included in any attempt at conciliation. (*See* Doc. 52 at 7.) *See also, e.g.*, *Ibrahim v. ABM Gov't Servs., LLC*, No. 18 CV 1234 JAP/GBW, 2019 WL 4193428, at *5 (D.N.M. Sept. 4, 2019) (finding that defendant was prejudiced where plaintiff failed to include it in the EEOC proceedings because it was unable to address the relevant issues before the EEOC). Finally, under the fourth factor, the Court considers "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *See Romero*, 615 F.2d at 1312 (quotation omitted). There is no evidence here that Gap made such a representation to Kongwa. On balance, the Court finds that the omission of Gap's name on the Charge here warrants dismissal.

Kongwa argues that he listed Gap in his Inquiry Form,[4] but when the HRB employee drafted the Charge, the employee omitted Gap and substituted ESI. (*See* Doc. 53 at 2.) Gap contends that under Tenth Circuit precedent in *Green v. JP Morgan Chase Bank National Association*, "where a charging party files an initial intake questionnaire, then timely files a formal charge, a charging party has not exhausted his administrative remedies as to allegations made only in the questionnaire." (Doc. 54 at 2 (citing 501 F. App'x 727, 731–32 (10th Cir. 2012)).) While the circumstances in *Green* are distinguishable, the holding is instructive.

In *Green*, an employee filed a formal charge with the EEOC alleging discrimination but omitted any reference to retaliation. *Id.* at 731. He had, however, included retaliation in the intake questionnaire. *Id.* The Tenth Circuit opined "that it would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings." *Id.* (citation omitted). Thus, the Tenth Circuit upheld the district court's decision dismissing the unexhausted retaliation claim. *Id.*; *see also Cairns v. UBS Fin. Servs., Inc.*, No. CIV.A. 08-CV-00938L, 2008 WL 4852429, at *3–5 (D. Colo. Nov. 7, 2008) (finding plaintiff failed to exhaust where he named employer on intake questionnaire but failed to name employer on charge of discrimination form). Here, although Kongwa included Gap in his Intake Questionnaire, he reviewed and signed the Charge that listed ESI and Faulkner—but not Gap—as employers. Kongwa does not "offer any reason for not seeking to amend [his] charge at a later time, and the Court is bound by the formal Charge before it . . . ." *See Maes v. Leprino Foods Co., Inc.*, No. 15-

---

[4] Gap refers to the Inquiry Form as an Intake Questionnaire. (*See* Doc. 54 at 2.) The Court agrees that the Inquiry Form is substantively similar to the intake questionnaire referred to in *Green v. JP Morgan Chase Bank Nat. Ass'n*.

CV-0022-WJM-MEH, 2015 WL 4652779, at *3 n.1 (D. Colo. Aug. 6, 2015) (quotation marks and citation omitted).

In sum, because Kongwa fails to meet the requirements outlined in *Romero*, the Court finds that he failed to exhaust his administrative remedies as to Gap. The Court lacks jurisdiction over the claim brought against Gap and will dismiss this lawsuit.

Gap also files a motion to strike a surreply that Kongwa filed without leave of Court. (*See* Docs. 55; 57.) Kongwa filed a surreply without leave of Court in response to the previous motion to dismiss as well. (*See* Doc. 33.) The Court noted that the surreply violated D.N.M. Local Rule 7.4(b) and advised Kongwa to read and comply with the relevant rules. (Doc. 42 at 9.) Because Kongwa failed to heed this admonishment, the Court will grant the motion to strike and will not consider the surreply.[5]

**THEREFORE,**

**IT IS ORDERED** that Gap, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**;

**IT IS FURTHER ORDERED** that Gap's Motion to Strike Plaintiff's Surreply (Doc. 57) is **GRANTED**;

---

[5] Even were the Court to consider the surreply, it would not change the outcome. Kongwa cites to an inapposite and non-binding case, *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395 (7th Cir. 2019). There, the plaintiff (Trujillo) named his employer as "Ashley Furniture HomeStore," with the store's address and phone number, in his Charge form. *Id.* at 397. "The correct legal name of Trujillo's employer, however, was Rockledge Furniture LLC, a business that operates several Ashley Furniture HomeStores and that was registered to do business in Illinois under the name 'Ashley Furniture HomeStore – Rockledge.'" *Id.* Trujillo's lawyer later sent a pay stub to the EEOC correctly identifying Rockledge's name and address, thereby "remov[ing] any doubt about the employer's identity." *Id.* Still, the EEOC failed to serve the correct company. Here, Kongwa reviewed and signed the Charge listing ESI and Faulkner with ESI's address. As noted herein, Kongwa failed to seek modification of the Charge.

Further, although Kongwa claims in the surreply that Gap received notice of the Charge, he submits no evidence in support of that claim. Regardless, Gap argued in its motion that it was prejudiced by not receiving notice of the Charge; thus, Kongwa had an opportunity to respond to this argument in his response brief. *See, e.g.*, *Green v. New Mexico*, 420 F.3d 1189, 1196–97 (10th Cir. 2005) (finding district court did not abuse its discretion in denying party's motion to file surreply because no new legal arguments were raised in the reply brief).

**IT IS FURTHER ORDERED** that this lawsuit is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE